UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

TERRANCE E. MCGOWAN, *et al.*,

        Plaintiffs,

v.                                      Case No. 07-CV-484

WALWORTH COUNTY EMPLOYEE HEALTH
BENEFIT PLAN,

        Defendant.
_____

## ORDER

On August 21, 2008, the court granted plaintiffs' motion for summary judgment and denied defendants' motion for summary judgment, and entered judgment for the plaintiffs. On September 19, 2008, defendant filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit. The appeal is currently pending and has not yet been fully briefed. On October 6, 2008, plaintiffs moved to substitute two party plaintiffs pursuant to Rule 25 of the Federal Rules of Civil Procedure ("Rule 25"). In their motion, plaintiffs state that defendant does not oppose the motion.

Plaintiffs seek to substitute two parties who were named in the original complaint but who are no longer trustees of the Operating Engineers Local 139 Health Benefit Fund. The motion states that plaintiff-trustee Edward Hayden has passed away and plaintiff-trustee Robert Larson has resigned from his position as trustee. Plaintiffs request that these two parties be replaced by their successors, John Topp and Daniel Sperberg.

In general, Rule 25 authorizes the district court to order substitution of a proper party who has died or whose interest has been transferred. However, filing a notice of

appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193-94 (7th Cir. 1995) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). During the pendency of an appeal, the district court may act only on ancillary questions. *Id.* at 194 (holding that any action by the district court on a non-ancillary issue "is a nullity").

While plaintiffs' motion to substitute is unopposed, the court does not consider a motion for substitution of parties an ancillary matter. As the Supreme Court has stated, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs*, 459 U.S. at 58. Plaintiffs have not demonstrated that the district court is the proper court for this motion. Moreover, plaintiffs may seek to substitute proper parties in the Court of Appeals. *See* Fed.R.App.P. 43. Therefore, because this case is currently before the Seventh Circuit Court of Appeals, the court is obliged to deny plaintiffs' motion.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to substitute party plaintiffs (Docket #41) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge
